IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| YOLANDA BEAL, Individually, § <br> PATRICIA AGUILERA as next friend of § <br> K.I. and M.A.O., minors, § <br> ANGELICA FREEMAN as next friend of § <br> J.C., minor, and § <br> TIFFANY ROBERTS as next friend of § <br> S.R. and T.R., minors, § <br> *Plaintiffs* § <br> § <br> VS. § <br> § <br> YONG-KWAN KIM and § <br> 1449444 ONTARIO INC., D/B/A/ § <br> SPARK FREIGHT SYSTEMS § <br> *Defendants* § | Civil Action No. |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Yolanda Beal, individually, Patricia Aguilera as next friend of K.I. and M.A.O., minors, Angelica Freeman as next friend of J.C., minor, Tiffany Roberts as next friend of S.R. and T.R., minors, Plaintiffs, complaining of Yong-Kwan Kim and 1449444 Ontario Inc. d/b/a Spark Freight Systems, Defendants, and for cause of action would show the Court the following:

**PARTIES**

1. Plaintiff Yolanda Beal is a resident of Polk County, Texas.

2. Plaintiff Patricia Aguilera is a resident of Polk County, Texas.

3. Plaintiff Angelica Freeman is a resident of Polk County, Texas.

4. Plaintiff Tiffany Roberts is a resident of Polk County, Texas.

3. Defendant Yong-Kwan Kim is a resident of Ontario, Canada.

4. Defendant 1449444 Ontario Inc. d/b/a Spark Freight Systems is a Canada Corporation conducting business in Texas.

## JURISDICTION AND VENUE

5. Yong-Kwan Kim and 1449444 Ontario Inc. d/b/a Spark Freight Systems are subject to this Court's specific personal jurisdiction under due process and the Texas Long Arm Statute. Defendants have minimum contacts within the State of Texas and the Eastern District of Texas; and Defendant's contacts with the State of Texas resulted in a motor vehicle collision which injured Plaintiffs.

6. Venue is proper in this District Court under 28 U.S.C. § 1332(a)(2). This district is a judicial district in which a substantial part of the incident that is the subject of the action took place; and is one in which Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

7. On or about April 29, 2019, in Polk County, Plaintiff Yolanda Beal was southbound in the outside lanes of U.S. Highway 59 North in a 2014 IC Corporation school bus and was transporting minors K.I., M.A.O., J.C., S.R. and T.R.

8. Defendant Yong-Kwan Kim was also southbound in the outside lane of U.S. Highway 59 North in a 2008 Volvo Tractor Trailer towing a 2009 Great Dane Trailer while in the course and scope of his employment with Defendant 1449444 Ontario Inc. d/b/a Spark Freight Systems.

9. Plaintiff Yolanda Beal began to decelerate speed, with yellow caution lights activated, in order to come to a complete stop to board additional students on her usual route.

10. At the same time, Defendant became distracted with retrieving a coffee cup that had fallen on the floorboard and he failed to control his speed and crashed violently into the school bus.

11. As a result of the collision, Plaintiffs suffered serious and incapacitating injuries.

## CAUSES OF ACTION

12. At the time and on the occasion described above, Defendant Yong-Kwan Kim was guilty of the following acts of negligence:

SEC. 545.401 - DRIVING IN A RECKLESS MANNER  (a), states "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

SEC. 545.351 – MAXIMUM SPEED REQUIREMENT (a)  An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing. (b) An operator:
> (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and
>
> (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

SEC. 545.062 – FOLLOWING DISTANCE (a)  An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

12. Each of the above-described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiffs.

## NEGLIGENT ENTRUSTMENT

13. At the time and on the occasion, above-described, Defendant 1449444 Ontario Inc. d/b/a Spark Freight Systems was independently guilty of the following acts of negligence:

14. DEFENDANT 1449444 Ontario Inc. d/b/a Spark Freight Systems owed a duty to the public at large, and to the Plaintiffs specifically, upon entrusting one of the company's vehicles to be driven by Defendant Yong-Kwan Kim to not allow an incompetent or reckless driver to operate said vehicle.

15. Defendant 1449444 Ontario Inc. d/b/a Spark Freight Systems knew, or in the exercise of reasonable care, should have known, that their driver, Yong-Kwan Kim, was an incompetent and/or reckless driver.

16. As shown above Yong-Kwan Kim was negligent in the operation of the vehicle owned and/or operated by 1449444 Ontario Inc. d/b/a Spark Freight Systems and its negligence in entrusting the vehicle to Yong-Kwan Kim was the proximate cause of the accident because 1449444 Ontario Inc. d/b/a Spark Freight Systems could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

## **NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION**

17. Defendant 1449444 Ontario Inc. d/b/a Spark Freight Systems owed a duty to exercise reasonable care to the public at large, and to Plaintiffs specifically, when hiring Yong-Kwan Kim to make sure that he was competent and fit employee to drive a vehicle owned and/or operated by 1449444 Ontario Inc. d/b/a Spark Freight Systems.

18. Furthermore, 1449444 Ontario Inc. d/b/a Spark Freight Systems owed a duty of ordinary care to the public at large, and to Plaintiffs specifically, to adequately supervise and train Yong-Kwan Kim and a duty to exercise ordinary care in retaining him, which includes the duty to remain knowledgeable about his competence or fitness.

19. 1449444 Ontario Inc. d/b/a Spark Freight Systems breached its duty by failing to use ordinary care in hiring, supervising, training and retaining Yong-Kwan Kim.

20. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Yong-Kwan Kim was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).

21. 1449444 Ontario Inc. d/b/a Spark Freight Systems's breach proximately caused the Plaintiffs' injuries.

## **NEGLIGENCE PER SE**

22. The actions and conduct of Defendant, set out in Paragraph IV, are in violation of the traffic laws contained in Chapter 545 of the Texas Transportation Code 545, which constitutes

negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiffs.

### GROSS NEGLIGENCE

23. The wrong done by Defendants and/or their agents, servants, and officers was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

### DAMAGES

24. As a result of the above-described negligence and negligence per se, Plaintiff Yolonda Beal has been injured in the following respects:
   a. Past physical pain, suffering, and mental anguish;
   b. Physical pain, suffering, and mental anguish;
   c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
   d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
   e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
   f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;
   g. Loss of earnings in the past;
   h. Loss of earning capacity in the future;
   i. Physical disfigurement that said Plaintiff has suffered in the past;
   j. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

25. As a result of the above-described negligence and negligence per se, minor K.I. has been injured in the following respects:
   a. Past physical pain, suffering, and mental anguish;
   b. Physical pain, suffering, and mental anguish;
   c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

  d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
  e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
  f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;
  g. Physical disfigurement that said Plaintiff has suffered in the past;
  h. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

26. As a result of the above-described negligence and negligence per se, minor M.O.A. has been injured in the following respects:
  a. Past physical pain, suffering, and mental anguish;
  b. Physical pain, suffering, and mental anguish;
  c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
  d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
  e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
  f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, he will suffer in the future;
  g. Physical disfigurement that said Plaintiff has suffered in the past;
  h. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

27. As a result of the above-described negligence and negligence per se, minor J.C. has been injured in the following respects:
  a. Past physical pain, suffering, and mental anguish;
  b. Physical pain, suffering, and mental anguish;
  c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
  d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
  e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
  f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;
  g. Physical disfigurement that said Plaintiff has suffered in the past;
  h. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

28. As a result of the above-described negligence and negligence per se, minor S.R. has been injured in the following respects:
   a. Past physical pain, suffering, and mental anguish;
   b. Physical pain, suffering, and mental anguish;
   c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
   d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
   e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
   f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;
   g. Physical disfigurement that said Plaintiff has suffered in the past;
   h. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

29. As a result of the above-described negligence and negligence per se, minor T.R. has been injured in the following respects:
   a. Past physical pain, suffering, and mental anguish;
   b. Physical pain, suffering, and mental anguish;
   c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
   d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
   e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
   f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, he will suffer in the future;
   g. Physical disfigurement that said Plaintiff has suffered in the past;
   h. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

## **DOCTRINE OF RESPONDEAT SUPERIOR**

30. At the time of the collision in question, Defendant Yong-Kwan Kim an agent, servant and employee of 1449444 Ontario Inc. d/b/a Spark Freight Systems was in the course and scope of his employment at the time he collided into Plaintiffs on the date in question.

31. Specifically, Plaintiffs will show that Defendant 1449444 Ontario Inc. d/b/a Spark Freight Systems had the right to control of all the activities of Defendant YONG-KWAN KIM

at all times material hereto and that these activities included driving the vehicle involved in the collision in question.

32. Accordingly, Defendant Yong-Kwan Kim was in the course and scope of his employment with 1449444 Ontario Inc. d/b/a Spark Freight Systems at the time of the collision in question, and therefore, Defendant 1449444 Ontario Inc. d/b/a Spark Freight Systems is responsible for all of Plaintiffs' damages under the doctrine of respondeat superior.

## INTEREST

33. Plaintiffs hereby seek all pre-judgement and post-judgement interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## PLAINTIFF'S LIFE EXPECTANCY

34. According to the United States Life Tables, 2010 National Vital Statistics Reports; Vol. 63, No. 7, Plaintiff Yolonda Beal has a life expectancy of 27 years, minor K.I. has a life expectancy of 69.4 years, minor M.A.O. has a life expectancy of 69.3 years, minor J.C. has a life expectancy of 59.1 years, minor S.R. has a life expectancy of 64 years, and minor T.R. has a life expectancy of 62.9 years.

35. Plaintiffs intend to use a certified copy of the United States Life Tables, 2010 National Vital Statistics Reports; Vol. 63 No. 7, and offer same into evidence at the time of trial.

## REQUEST FOR JURY TRIAL

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury in this action on all issues triable by jury.

## **PRAYER**

37.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that upon final hearing they have judgement against Defendants Yong-Kwan Kim and 1449444 Ontario Inc. d/b/a Spark Freight Systems jointly and severally, for the injuries and damages sustained by Plaintiffs in excess of One Million and No/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which they may be entitled to receive.

Respectfully submitted,

**BADDERS LAW FIRM, P.C.**
302 South Bynum
Lufkin, Texas 75904
(936) 632-9377 TELEPHONE
(936) 632-6953 FAX

/s/ Jeff B. Badders
Jeff B. Badders
SBN01496850
badders@badderslaw.com
Mari E. Badders
SBN 24100030
Mariko.badders@badderslaw.com
*Attorneys for Plaintiffs*

*5607    3/23/21*

*Beal, et al v. Kim, et al*